STUART D. HIRSCH, ESQ. (SB #142641)
2150 N Centre City Parkway
Escondido, CA 92026
Telephone: (760) 781-3658
Facsimile: (760) 466-2396

Attorney for Plaintiff and Use Plaintiff,
PALOMAR GRADING AND PAVING, INC.

FILED
08 MAR 20 AM 11:58
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALOMAR GRADING AND PAVING, INC., a California Corporation, and THE UNITED STATES OF AMERICA For The Use And Benefit Of PALOMAR GRADING AND PAVING, INC. <br><br> Plaintiff, <br><br> vs. <br><br> WESTERN INSURANCE COMPANY and CORNERSTONE BUILDING GROUP <br><br> Defendants. | Case No.: '08 CV 521 JAH WMc <br><br> COMPLAINT O a month if you F PALOMAR GRADING AND PAVING, INC. FOR: <br><br> 1. PAYMENT BOND; <br> 2. BREACH OF CONTRACT; <br> 3. WORK AND LABOR; <br> 4. CONVERSION; and, <br> 5. INSURANCE BAD FAITH <br><br> BY FAX |

PALOMAR GRADING AND PAVING, INC., respectfully alleges:

I.

**FIRST CAUSE OF ACTION**

(Payment Bond)

1.  Jurisdiction in this cause is conferred by Title 40 of the United States Code, §270 (a) (b) as amended, and by the Doctrine of Pendent Jurisdiction.

2.  Palomar Grading and Paving, Inc. (hereinafter referred to as "**PALOMAR**") is, and at all time herein mentioned was, a Corporation organized and existing under and by virtue of the laws of the state of California and was and is duly licensed to perform the work of a contractor, and at all times used only licensed subcontractors to perform the subject work.

3.  **PALOMAR** is informed and believes, and based thereon alleges that Defendant Western

1  Insurance Company, a California corporation, ("**WESTERN**") is and at all time herein mentioned
2  was, a business entity existing under and by virtue of the laws of the State of California, engaged
3  in the business of insurance in the State of California, and doing business in the State of California
4  as a corporate surety of bonds required by the United States of America and its various agencies.

      4.  Defendant Cornerstone Building Group (hereinafter referred to as "**CORNERSTONE**") is, and at all times herein mentioned was, a Corporation licensed and existing under and by virtue of the laws of the State of California, engaged in the construction business in California.

      5.  **PALOMAR** is informed and believes, and thereon alleges, that United States Navy is, and at all relevant times was, the owner and/or reputed owner of an interest in the property known as Smart Clinic, upon which the construction and actions that are the subject of this lawsuit were being performed. (Hereinafter referred to as "**THE PROJECT**.")

      6.  On or about September 30, 2006, **CORNERSTONE** entered into a written contract with the United States Navy, commonly referred to or identified as contract number N62473-06-G-1035, Delivery Order 0020, for the construction or reconstruction of the facility which construction is referred to herein as **THE PROJECT**.

      7.  Thereafter, **CORNERSTONE** as principal and **WESTERN** as surety duly executed, obtained or issued a payment Bond dated on or about October 6, 2006 pursuant to and in accordance with the provisions of Title 40 of the United States Code, section 270(a), in the total amount of $569,902.00 (hereinafter referred to as the "**BOND**").

      8.  The **BOND** guarantees, jointly and severally, payment of persons supplying labor and material for the prosecution of the construction work at **THE PROJECT**. As required, in the **BOND** was presented or delivered to the United States of America, and accepted by it, thereby guaranteeing payment for those supplying labor and materials on **THE PROJECT** such as **PALOMAR**.

      9.  **CORNERSTONE** created a written contract that was dated October 6, and signed by **PALOMAR** November 3, 2006, in regard to the renovation operations at the **PROJECT**. In addition to the original written contract, **PALOMAR** and **CORNERSTONE** entered various written change orders and other agreements that should have been the subject of written change orders in

1  relation to additional work or services. (Hereinafter collectively referred to as the "**CONTRACT**.")

2      10.  Pursuant to the **CONTRACT**, **PALOMAR** furnished labor and materials for the works of improvement at **THE PROJECT**. Except to the extent prevented or excused, **PALOMAR** has satisfactorily completed all of its obligations under the **CONTRACT**.

    11.  As a result of the completion of **PALOMAR**'s portion of the work at **THE PROJECT**, **CORNERSTONE** became indebted to **PALOMAR** in the amount of $175,080.70 or an amount that will be the subject of proof at the time of trial, which amount exceeds the Jurisdictional requirements of the Court. **CORNERSTONE** received payment in full for its contract amount and actually received payment from the United States Navy for the work of **PALOMAR**, which is the subject of this lawsuit. **PALOMAR** is informed and believes that **CORNERSTONE** obtained payment from the Navy for the work of **PALOMAR** by representing or agreeing that it would pay **PALOMAR**. **CORNERSTONE** has subsequently retained the sums provided to it by the Navy for the work of **PALOMAR** and **CORNERSTONE** has continued to fail or refuse to pay **PALOMAR** the sums that are owed.

    12.  **PALOMAR** was required to and did file a Bond Claim with **WESTERN** in relation to the **BOND** in accordance with or pursuant to the Miller Act, for the amounts constituting the value of the services and the materials that **PALOMAR** provided at **THE PROJECT**. That Bond Claim was denied and the subject amounts remained unpaid at the time this action was filed

    13.  The Defendants collectively have failed to pay **PALOMAR** for the labor and materials furnished by **PALOMAR** at **THE PROJECT**, which amount is currently $175,080.70 exclusive of interest, attorney's fees and court costs. Additionally, **PALOMAR** has suffered lost business opportunities, lost interest on the sums wrongfully retained and/or has suffered other economic or consequential damages through the actions of the Defendants. **PALOMAR** is informed and believes that the retention of the funds by **CORNERSTONE** was or is intentional and/or otherwise amounts to conversion.

    14.  Having failed and refused to pay **PALOMAR**, notwithstanding **PALOMAR**'s multiple demands, there is now due, owing, and unpaid to **PALOMAR** the amount of $175,080.70 or an amount that will be proven at the time of trial, plus consequential damages, interest, attorney's fees

COMPLAINT OF PALOMAR GRADING AND PAVING, INC.

and costs according to proof.

15. **PALOMAR** has retained attorneys, duly licensed to practice law before all of the courts of the State of California, as their attorneys of record herein, and has incurred the obligation to pay its attorneys a reasonable attorney's fee, and is entitled to recover those fees from the Defendants in accordance with an agreement, pursuant to the Federal Acquisition Regulations, pursuant to other laws of the United States of America or pursuant to laws of the State of California.

16. As a further, direct, proximate and legal result of the conduct of the Defendants, as alleged herein, **PALOMAR** has been damaged by, among other things, having been induced to expend or having been deprived of the use of substantial sums of money in an amount that, from time to time, was in an amount certain or an amount capable of being determined by reasonable calculation, thereby entitling **PALOMAR** to prejudgment interest pursuant to the Federal Acquisition Regulations and/or California Civil Code section 3287. Alternatively, **PALOMAR** is entitled to interest as a result of this dispute involving construction of improvements to property pursuant to an agreement, pursuant to the Federal Acquisition Regulations, pursuant to other laws of the United States of America or pursuant to laws of the State of California.

II.

## SECOND CAUSE OF ACTION

**(Breach of Contract)**

17. **PALOMAR** re-alleges and incorporates by reference each and every allegation of the above paragraphs 1 through 16, inclusive, as if fully set forth herein.

18. **PALOMAR** has performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the **CONTRACT**, except those which have been permitted or excused by the actions and conduct of **CORNERSTONE**, or its agents and representatives.

19. **CORNERSTONE** has breached the **CONTRACT** by failing and refusing to pay to **PALOMAR** the principal sum of $175,080.70

20. As a proximate result of the above described breach of contract, **PALOMAR** has been damaged in the principal sum of $175,080.70 together with interest according to proof.

21. As a further, direct, proximate and legal result of the conduct, as set forth herein, **PALOMAR** has been damaged by, among other things, having been caused to expend substantial sums of money for attorney's fees, attorney's costs and other litigation costs which are recoverable pursuant to an agreement, that the Federal Acquisition Regulations, other law of be United States of America or pursuant to laws of the State of California.

### III.

### THIRD CAUSE OF ACTION

#### (Work and Labor)

22. **PALOMAR** re-alleges and incorporates by reference each and every allegation of the above paragraphs 1 through 21, inclusive, as if fully set forth herein.

23. Within San Diego, the **CORNERSTONE** became indebted to **PALOMAR** in the principal sum of $175,080.70 for the services of **PALOMAR** at **THE PROJECT** at the special insistence and request of **CORNERSTONE**, including materials furnished. The reasonable value of the services and materials was and is in the principal sum of $175,080.70.

24. No part of said sum has been paid, and there is now due, owing and unpaid, the principal sum of $175,080.70 together with interest thereon at the maximum legally permissible rate from and after a date according to proof.

### IV.

### FOURTH CAUSE OF ACTION

#### (Conversion)

25. **PALOMAR** re-alleges and incorporates by reference each and every allegation of the above paragraphs 1 through 25, inclusive, as if fully set forth herein.

26. As was indicated above, **CORNERSTONE** acquired the sums from the United States Navy, which sums were due and owing to **PALOMAR** for the work or services provided by **PALOMAR** at the project. **PALOMAR** is informed and believes that **CORNERSTONE** acquired those sums by representing to the Navy that they would be paid to Palomar, or by concealing from the Navy an intent to deprive Palomar of those sums. **CORNERSTONE** has wrongfully taken the sums which were to be used by **PALOMAR**, and instead has held or used those funds which

constitutes conversion. In this regard, **PALOMAR** is informed and believes that **CORNERSTONE** intentionally engaged in the conduct or abstained from taking action to cause **PALOMAR** to be deprived of the subject sums.

27. As a direct, proximate and legal result of the conduct set forth herein, **PALOMAR** has been damaged by, among other things, having been caused to lose substantial sums of money in relation to the said sums wrongfully taken, having been deprived of money spent to replace the said sum wrongfully taken, and other economic and/or consequential damages in a total amount that will be demonstrated according to proof at the time of trial.

28. As a further, direct, proximate and legal result of the conduct, as set forth herein, **PALOMAR** has been damaged by, among other things, having been caused to expend substantial sums of money for attorney's fees, attorney's costs and other litigation costs which are recoverable pursuant to an agreement, or pursuant to the Federal Acquisition Regulations, pursuant to other laws of the United States of America or pursuant to laws of the State of California.

29. As a further, direct, proximate and legal result of the conduct of the **DEFENDANTS**, as alleged herein, **PALOMAR** has been damaged by, among other things, having been induced to expend or having been deprived of the use of substantial sums of money in an amount that, from time to time, was in an amount certain or an amount capable of being determined by reasonable calculation, thereby entitling **PALOMAR** to prejudgment interest pursuant to the Federal Acquisition Regulations, other laws of the United States of America or California Civil Code section 3287. Alternatively, **PALOMAR** is entitled to interest as a result of this dispute involving construction of improvements to property.

30. The conduct alleged in this cause of action was despicable and was done with a conscious disregard of **PALOMAR's** rights or with the intention of depriving **PALOMAR** of rights, or otherwise constituting oppression, fraud or malice under California Civil Code section 3288, thereby entitling **PALOMAR** to prejudgment interest in the discretion of the jury.

31. The conduct a alleged in this cause of action, was despicable and was done with a conscious disregard of **PALOMAR's** rights or property or with the intention of depriving **PALOMAR** of rights or property, or otherwise constituting oppression, fraud or malice under

California Civil Code section 3294, thereby entitling **PALOMAR** to punitive or exemplary damages in an amount sufficient to punish or set an example of the defendants.

V.

### FIFTH CAUSE OF ACTION

(Insurance Bad Faith)

32. **PALOMAR** re-alleges and incorporates by reference each and every allegation of the above paragraphs 1 through 31, inclusive, as if fully set forth herein.

33. **WESTERN**, as surety and insurer for others, having undertaken to provide **PALOMAR** with certain coverage, guaranties or warranties of payment, was under a duty implied by law to act fairly and in good faith while investigating or evaluating bond claims such as that which is the subject of this action. **WESTERN** has breached the above-described duty in that it unreasonably and without proper clause filed and/or refused to investigate or evaluate the claim and failed to pay **PALOMAR**. Additionally, **WESTERN** unreasonably delayed providing its explanation and refusal to make payments to Palomar, notwithstanding **PALOMAR's** multiple demands, and there is now due, owing, and unpaid an amount that will be proven at the time of trial, plus consequential damages, interest, attorney's fees and costs according to proof.

34. **PALOMAR** performed all conditions, covenants and promises, including giving proper notice of said claim to **DEFENDANTS**, required on its part to be performed, except those which have been permitted or excused by the conduct of **WESTERN, CORNERSTONE** or their agents and representatives.

35. As a direct, proximate and legal result of the conduct of the Defendants, as set forth herein, **PALOMAR** has been damaged by, among other things, having been caused to lose substantial sums of money in relation to the above-described unpaid sum, having been deprived of money wrongfully taken or withheld by the Defendants and other economic and/or consequential damages in a total amount that will be demonstrated according to proof at the time of trial; however, the amount of damage suffered exceeds the jurisdictional requirements of this Court.

36. As a further, direct, proximate and legal result of the conduct of the **DEFENDANTS**, as set forth herein, **PALOMAR** has been damaged by, among other things, having been caused to

expend substantial sums of money for attorney's fees, attorney's costs and other litigation costs which are recoverable pursuant to an agreement, pursuant to the Federal Acquisition Regulations, pursuant to the laws of the United States of America or pursuant to laws of the State of California.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, **PALOMAR** prays for or requests judgment as follows:

### ON ALL CAUSES OF ACTION

1. For the principal sum of $175,080.70;

2. For interest thereon at the maximum legally permissible rate from and after a date according to proof;

3. For costs of suit, expert witness fees and attorney's fees according to proof at the time of trial.

4. For reasonable attorney's fees; and

5. For such other and further relief as the Court may deem just and proper.

### ON THE FOURTH ANS FIFTH CAUSES OF ACTION

1. For punitive or exemplary damages in an amount sufficient to punish or set an example of the Defendants.

## VII.

## JURY TRIAL DEMAND

**PALOMAR** hereby formally requests to have a trial by jury in relation to the causes of action and the issues that are properly the subject of such a trial.

March 11, 2008

By: _____
STUART D. HIRSCH, ESQ.
Attorney for Plaintiff,
PALOMAR GRADING AND PAVING, INC.

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 148979      — SH

March 20, 2008
12:04:28

Civ Fil Non-Pris
USAO #.: 08CV0521
Judge..: JOHN A HOUSTON
Amount.:                $350.00 CK
Check#.: BC004658


Total-> $350.00


FROM: PALOMAR GRADING AND PAVING INC
      V. WESTERN INS CO ET AL

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Palomar Grading and Paving, Inc.

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Stuart D. Hirsch, 2150 N Centre City Parkway, Escondido, CA 92026

### DEFENDANTS
Western Insurance Company and Cornerstone Building Group

08 MAR 20  AM 11:58
CLERK, U.S. DISTRICT COURT
County of Residence of First Listed Defendant: OF CALIFORNIA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.
DEPUTY

Attorneys (If Known)

'08 CV 521 JAH WMc

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☒ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
40 usc 3133

Brief description of cause:
Miller Act Bond Claim and related causes for non payment

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 175,080.70
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 03/11/2008
SIGNATURE OF ATTORNEY OF RECORD: /s/ Stuart D. Hirsch

FOR OFFICE USE ONLY

RECEIPT # 148979   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Seu 3/19/08

BY FAX