SCOTT L. STONEHOCKER, ESQ.
State Bar No. 171216
THE FAUX LAW GROUP
1540 West Warm Springs Road, Suite 100
Henderson, Nevada 89121
Telephone: (702) 458-5790
Facsimile: (702) 458-5794
Attorneys for Western Insurance Company

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALOMAR GRADING AND PAVING, INC., a California corporation, and the UNITED STATES AMERICA For The Use And Benefit Of PALOMAR GRADING AND PAVING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> WESTERN INSURANCE COMPANY and CORNERSTONE BUILDING ROUP, <br><br> Defendants. | CASE NO.: 08 CV 521 JAH WHc <br><br> **WESTERN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT, CROSS-CLAIM AND THIRD-PARTY COMPLAINT** |
| WESTERN INSURANCE COMPANY, <br>      Cross-Claimant, <br> vs. <br><br> CORNERSTONE BUILDING GROUP, a California corporation; <br><br>      Cross-Defendant. | |

///

///

///

---

| | |
|---|---|
| WESTERN INSURANCE COMPANY, | ) |
| Third-Party Plaintiff, | ) |
| vs. | ) |
| MICHAEL NAJERA, an individual; BETTY NAJERA, an individual; RICHARD OSGOOD, an individual; MARIE OSGOOD, an individual; CBG BUILDERS a.k.a. CBG HOME BUILDERS, INC.; a California corporation; ELLIOT-CORNERSTONE; a California corporation; BARNHART-CORNERSTONE; a California corporation; DOES 1-10; and ROE CORPORATIONS 1-10, inclusive, | ) |
| Third-Party Defendants. | ) |

### WESTERN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT, CROSSCLAIM AND THIRD-PARTY COMPLAINT

COMES NOW, Defendant WESTERN INSURANCE COMPANY (hereinafter referred to as "Western"), by and through its attorney, Scott L. Stonehocker, Esq., of The Faux Law Group, and hereby answers Plaintiff, Palomar Grading and Paving, Inc.'s (hereinafter referred to as "Palomar" and/or "Plaintiff") Complaint and admits, denies and alleges as follows:

### I.

### FIRST CAUSE OF ACTION

### (Payment Bond)

1. In answering Paragraph 1 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

2. In answering Paragraph 2 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

3. In answering Paragraphs 3 of Plaintiff's Complaint, Western admits that it is a

THE FAUX LAW GROUP
1540 WEST WARM SPRINGS ROAD
SUITE 100
HENDERSON, NEVADA 89014
TEL: (702) 458-5790
FAX: (702) 458-5794

Nevada corporation licensed to do business in the State of California. Western denies the remaining allegations contained therein.

4. In answering Paragraph 4 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

5. In answering Paragraph 5 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

6. In answering Paragraph 6 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

7. In answering Paragraph 7 of Plaintiff's Complaint, Western admits that Western, as surety, issued Payment Bond No. BDC11480 to Cornerstone Building Group, as principal, otherwise denied.

8. In answering Paragraph 8 of Plaintiff's Complaint, Western admits that the Bond speaks for itself; otherwise, denied.

9. In answering Paragraph 9 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

10. In answering Paragraph 10 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

11. In answering Paragraph 11 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

12. In answering Paragraph 12 of Plaintiff's Complaint, Western admits that Palomar did file a Bond claim with Western and Western denied Palomar's claim. Western is without sufficient knowledge to form a belief as to the truth of the remaining allegations and, therefore, denies the same.

13. In answering Paragraph 13 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

14. In answering Paragraph 14 of Plaintiff's Complaint, Western is without sufficient

THE FAUX LAW GROUP
1540 WEST WARM SPRINGS ROAD
SUITE 100
HENDERSON, NEVADA 89014
TEL: (702) 458-5790
FAX: (702) 458-5794

1 knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

2    15.   In answering Paragraph 15 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

    16.   In answering Paragraph 16 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

## II.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

17.   In answering Paragraph 17 of Plaintiff's Complaint, Western repeats, realleges and incorporates its answers to Paragraphs 1 through 17 of Plaintiff's Complaint as though fully set forth herein.

18.   In answering Paragraph 18 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

19.   In answering Paragraph 19 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

20.   In answering Paragraph 20 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

21.   In answering Paragraph 21 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

## III.

## THIRD CAUSE OF ACTION

### (Work and Labor)

22.   In answering Paragraph 22 of Plaintiff's Complaint, Western repeats, realleges and incorporates its answers to Paragraphs 1 through 21 of Plaintiff's Complaint as though fully set forth herein.

23.   In answering Paragraph 23 of Plaintiff's Complaint, Western is without sufficient

THE FAUX LAW GROUP
1540 WEST WARM SPRINGS ROAD
SUITE 100
HENDERSON, NEVADA 89014
TEL: (702) 458-5790
FAX: (702) 458-5794

knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

24. In answering Paragraph 24 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

## IV.

## FOURTH CAUSE OF ACTION

### (Conversion)

25. In answering Paragraph 25 of Plaintiff's Complaint, Western repeats, realleges and incorporates its answers to Paragraphs 1 through 24 of Plaintiff's Complaint as though fully set forth herein.

26. In answering Paragraph 26 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

27. In answering Paragraph 27 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

28. In answering Paragraph 28 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

29. In answering Paragraph 29 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

30. In answering Paragraph 30 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

31. In answering Paragraph 31 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

## V.

## FIFTH CAUSE OF ACTION

### (Insurance Bad Faith)

32. In answering Paragraph 32 of Plaintiff's Complaint, Western repeats, realleges and incorporates its answers to Paragraphs 1 through 31 of Plaintiff's Complaint as though fully

THE FAUX LAW GROUP
1540 WEST WARM SPRINGS ROAD
SUITE 100
HENDERSON, NEVADA 89014
TEL: (702) 458-5790
FAX: (702) 458-5794

set forth herein.

33. In answering Paragraph 33 of Plaintiff's Complaint, Western admits that it has a duty to act fairly and in good faith while investigating or evaluating bond claims. Western denies the remaining allegations contained herein.

34. In answering Paragraph 34 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

35. In answering Paragraph 35 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

36. In answering Paragraph 36 of Plaintiff's Complaint, Western is without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, denies the same.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

No claim may be made on a bond for any obligation incurred by an entity not named as the principal on the surety bond.

### THIRD AFFIRMATIVE DEFENSE

The surety's liability is limited to the principal's failure to perform a contract for which a bond was issued.

### FOURTH AFFIRMATIVE DEFENSE

In the event the Plaintiff is a person or entity entitled to recover pursuant to the surety bond, the Plaintiff's right to recover on the bond is limited to the penal sum of the bond and possible pro rata distribution and order of priority of payments.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's actions may be subject to interpleader due to potential multiple claimants, and funds owed by Western, if any, to the various potential claimants distributed pursuant to law.

THE FAUX LAW GROUP
1540 WEST WARM SPRINGS ROAD
SUITE 100
HENDERSON, NEVADA 89014
TEL: (702) 458-5790
FAX: (702) 458-5794

Western's Answer, Cross-Claim & Third-Party Complaint    08 CV 521 JAH WHc
—6—

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not the beneficiary under the bond at issue.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this suit.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are precluded by estoppel and/or waiver.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim(s) are precluded by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim(s) are precluded by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim(s) are precluded by res judicata.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim(s) are barred by the doctrine of accord and satisfaction.

### FOURTEENTH AFFIRMATIVE DEFENSE

Western reserves the right to amend this answer to assert additional affirmative defenses should the facts so warrant.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the notice and other requirements of the Miller Act, 40 U.S.C. §3133, et seq.

### SIXTEENTH AFFIRMATIVE DEFENSE

Each allegation contained in Plaintiff's Complaint that is not specifically admitted is denied.

THE FAUX LAW GROUP
1540 WEST WARM SPRINGS ROAD
SUITE 100
HENDERSON, NEVADA 89014
TEL: (702) 458-5790
FAX: (702) 458-5794

## CROSSCLAIM AND THIRD-PARTY COMPLAINT

Cross-Claimant and Third-Party Plaintiff, Western Insurance Company (hereinafter "Western"), by and through its attorney, Scott L. Stonehocker, Esq. of The Faux Law Group, for its Cross-Claim and Third-Party Complaint alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Jurisdiction is conferred over this action because Cornerstone Building Group, the principal on the Bond at issue in this action, was licensed in California.

2. Western is a Nevada corporation duly licensed to do business in the State of California and has acted as a surety pursuant to the requirements of the State of California.

3. Cornerstone Building Group (hereinafter referred to as "Cornerstone"), at all times material herein, on information and belief, was licensed to do business in the State of California.

4. Third-Party Defendant, Michael Najera, individually, at all times material herein, on information and belief, was an adult resident of the State of California.

5. Third-Party Defendant, Betty Najera, individually, at all times material herein, on information and belief, was an adult resident of the State of California.

6. Third-Party Defendant, Richard Osgood, individually, at all times material herein, on information and belief, was an adult resident of the State of California.

7. Third-Party Defendant, Marie Osgood, individually, at all times material herein, on information and belief, was an adult resident of the State of California.

8. Third-Party Defendant, CBG Builders a.k.a. CBG Home Builders, Inc., at all times material herein, on information and belief, is a California corporation.

9. Third-Party Defendant, Elliot-Cornerstone, at all times material herein, on information and belief, is a California corporation.

10. Third-Party Defendant, Barnhart-Cornerstone, at all times material herein, on information and belief, is a California corporation.

11. Cross-Defendant Cornerstone and Third-Party Defendants, Michael Najera, Betty Najera, Richard Osgood, Marie Osgood, CBG Builders, Elliot-Cornerstone and Barnhard-Cornerstone may hereinafter be referred to collectively as "Indemnitors").

12. The true names and capacities, whether individual, corporate, associate or otherwise of the Third-Party Defendants DOES 1 through 10, inclusive, and ROE CORPORATIONS 1 through 10, and each of them, are unknown to Western who therefore sues said Third-Party Defendants by such fictitious names. Western is informed and believes and thereon alleges that each of the Third-Party Defendants designated herein as a DOE or ROE CORPORATION are legally responsible in some manner for the events and happenings herein referred to, is an insurer whose claims have been assigned to Western, or is liable for injury and damages to Western as hereinafter alleged. Western will seek leave of the Court to amend this Third-Party Complaint to insert the true names and capacities of Defendants DOES 1 through 10 and ROE CORPORATIONS 1 through 10, when the same have been ascertained by Western, together with appropriate charging allegations to join such Third-Party Defendants in this action.

## GENERAL ALLEGATIONS

13. Western repeats and realleges each and every preceding paragraph as though fully set forth herein verbatim.

14. Western, as surety, issued a Payment Bond and a Performance Bond (Bond No. BDC11480; hereinafter collectively, "Bonds") on behalf of Cornerstone, as principal, in the sum of $569,902.00 and $569,902.00, respectively. A copy of the Bonds are attached hereto as composite **Exhibit "1"**.

15. The Bonds were issued pursuant to 40 U.S.C. 3131(b) (previously 40 U.S.C. 270a-270e).

## FIRST CAUSE OF ACTION
### (Contractual Indemnity)

16. Western repeats and realleges each and every preceding paragraph as though fully set forth herein verbatim.

17. In consideration of the issuance of the Bonds, the Indemnitors, executed the Continuing Agreement of Indemnity (hereinafter referred to as "CAI") and promised in part as follows:

> SECOND: To indemnify, and keep indemnified, and hold and save harmless the Surety against all demands, claims, loss, costs, damages, expenses and attorneys' fee whatever, and any and all liability therefor, sustained or incurred by the Surety by reason of executing or procuring the execution of any said Bond or Bonds, or any other Bonds, which may be already or hereafter executed on behalf of the Contractor, or renewal or continuation thereof; or sustained or incurred by reason of making any investigation on account thereof, prosecuting or defending any action brought in connection therewith, obtaining a release therefrom, recovering or attempting to recover any salvage in connection therewith or enforcing by litigation or otherwise any of the agreements herein contained. Payment of amounts due Surety hereunder together with legal interest shall be payable upon demand. . . .

18. Western has incurred and will continue to incur attorney's fees and costs in defending and investigating the claims on said Bonds.

19. Western may be required to pay, as surety pursuant to the terms of the Bonds, and Western has incurred attorney's fees and costs in investigating the claims on said Bonds and in defending this action. Accordingly, Western is entitled to recover any payments, interest and attorney's fees and costs as set forth in the CAI from said Cross-Defendant and Third-Party Defendants pursuant to the CAI.

20. It has been necessary for Western to obtain the services of an attorney to prosecute its claim herein and it is entitled to recover the attorney's fees and costs including those necessary to enforce the terms of the CAI.

## SECOND CAUSE OF ACTION
### (Equitable Indemnity)

21. Western repeats, realleges and incorporates each and every preceding paragraph as though fully set forth herein verbatim.

22. The Cross-Defendant and Third-Party Defendants requested Western, as surety, to issue the Bonds.

23. In consideration of the issuance of the Bonds, the Cross-Defendant and Third-

Party Defendants agreed to reimburse Western, upon demand for all payments made for; and to fully indemnify and hold harmless Surety from and against any claims or demands or actions or legal expense of any kind or nature, including attorneys' fees, for which Surety shall become liable or shall become contingently liable by reason of such suretyship, whether or not Western shall have paid same at the time of demand.

24. Western may be required to pay, as surety pursuant to the terms of the Bonds, and Western has incurred attorney's fees and costs in investigating the claims on said Bonds and in defending this action.

25. Upon Western's right of equitable indemnification, it is entitled to recover against the Cross-Defendant and Third-Party Defendants any monies paid, costs incurred and attorney's fees expended as the result of the issuance of the Bonds.

26. That claims at issue on the Bonds and against Western exceed $10,000.00.

27. It has been necessary for Western to obtain the services of an attorney to prosecute its claim herein and it is entitled to recover the attorney's fees and costs including those necessary to enforce its rights of equitable indemnity.

### THIRD CAUSE OF ACTION
(Declaratory Relief)

28. Western repeats, realleges and incorporates each and every preceding paragraph as though fully set forth herein verbatim.

29. An actual controversy has arisen and now exists between Western and the Defendants concerning their respective rights and duties under the CAI, whereby Western contends that by virtue of the CAI, the Cross-Defendant and Third-Party Defendants are obligated to collateralize, indemnify, hold harmless, and reimburse Western from and against any and all loss exposure, losses it has sustained, or losses it may sustain under the Bonds, including attorney's fees, investigation costs, and other costs incurred, or which may be incurred as a result of the failure of Defendants to perform their obligations.

30. Western may be required to pay, as surety pursuant to the terms of the Bonds, and

Western has incurred attorney's fees and costs in defending and investigating the claims on said Bonds.

31. That claims at issue on the Bonds and against Western exceed $10,000.00.

32. Western is informed and thereon alleges that the Cross-Defendant and Third-Party Defendants have failed to honor their contractual obligations under the CAI and deny that they are obligated to reimburse Western for any costs, expenses or attorney's fees incurred by Western herein.

33. Western desires a judicial determination of the respective rights and duties of Western and the Cross-Defendant and Third-Party Defendants under the CAI, and a declaration that Western is entitled to protection before incurring any loss and that the Cross-Defendant and Third-Party Defendants are obligated to reimburse Western for all losses sustained by Western including attorney's fees, investigation fees and costs and to hold Western harmless from all damages, losses, judgments or other expenses which Western may incur as a result of the actions of the Indemnitors.

34. Western requests that the Court order a speedy hearing and advance it on the calendar.

### FOURTH CAUSE OF ACTION
(Quia Timet/Injunction)

35. Western repeats, realleges and incorporates each and every preceding paragraph as though fully set forth herein verbatim.

36. The Indemnitors are obligated under the doctrine of *Quia Timet* to post collateral security to Western to secure Western from all claims, losses, and expenses either feared or to be incurred as a consequence of the Bonds issued by Western on behalf of the Indemnitors. The CAI provides in pertinent part as follows:

> SEVENTH: That is Surety shall be required or shall deem it necessary to set up a reserve in any amount to cover any claim, demand, liability, expenses, suit, order, judgment or adjudication under or on any Bond or Bonds or for any other reason whatsoever, to immediately upon demand deposit with Surety an amount of money sufficient to cover such reserve and any increase thereof,

> such funds to be held by Surety as collateral, in addition to the indemnity afforded by this instrument, with the right to use such funds or any part thereof, at any time, in payment or compromise of any liability, claims, demands, judgment, damages, fees and disbursements or other expenses; . . .

37. Western has no adequate remedy at law for the protection to which it is entitled. Western believes that the Indemnitors may transfer assets in derogation of the legal and equitable rights of Western. If the Indemnitors are not enjoined immediately from transferring their assets, the assets may be disposed of permanently, and the Indemnitors may render themselves insolvent, all to the prejudice of Western.

38. The Indemnitors should be preliminary and permanently enjoined from transferring assets and ordered to post collateral security with Western sufficient to protect Western's interests.

39. As a proximate result of the Indemnitors' conduct, Western has been or may be damaged so long as the Indemnitors are able to circumvent their obligations to Western under the CAI by transferring and/or liquidating their assets.

40. Western may be required to pay, as surety pursuant to the terms of the Bonds, and Western has incurred attorney's fees and costs in investigating the claims on said Bonds and in defending this action. Accordingly, Western is entitled to recover any payments, interest and attorney's fees and costs as set forth in the CAI from said Cross-Defendant and Third-Party Defendants pursuant to the CAI.

41. That claims at issue on the Bonds and against Western exceed $10,000.00.

42. Western therefore desires a determination of its rights under the CAI.

### FIFTH CAUSE OF ACTION
### (Specific Performance)

43. Western repeats, realleges and incorporates each and every preceding paragraph as though fully set forth herein verbatim.

44. The Cross-Defendant and Third-Party Defendants entered into the CAI in consideration of the execution of the Bonds by the Western. The CAI executed by the Cross-

Defendant and Third-Party Defendants provide that the Cross-Defendant and Third-Party Defendants are required to indemnify, hold harmless, and post collateral upon demand sufficient to indemnify Western for any reserve which is set up to cover any claim, suit, or judgment under any bonds executed on behalf of the Indemnitors or Cross-Defendant and Third-Party Defendants therein.

45. The Cross-Defendant and Third-Party Defendants agreed as follows pursuant to the CAI:

> SEVENTH: That is Surety shall be required or shall deem it necessary to set up a reserve in any amount to cover any claim, demand, liability, expenses, suit, order, judgment or adjudication under or on any Bond or Bonds or for any other reason whatsoever, to immediately upon demand deposit with Surety an amount of money sufficient to cover such reserve and any increase thereof, such funds to be held by Surety as collateral, in addition to the indemnity afforded by this instrument, with the right to use such funds or any part thereof, at any time, in payment or compromise of any liability, claims, demands, judgment, damages, fees and disbursements or other expenses; . . .

46. Western may be required to pay, as surety pursuant to the terms of the Bonds.

47. Western has incurred attorney's fees and costs in investigating the claims on said Bonds and in defending this action. Accordingly, Western is entitled to recover any payments, interest and attorney's fees and costs as set forth in the CAI from said Cross-Defendant and Third-Party Defendants pursuant to the CAI.

48. That claims at-issue on the Bonds and against Western exceed $10,000.00.

49. Western's remedy at law is inadequate in that Western is exposed to liability which is not liquidated at this time. Specific performance enforcing the obligation to post collateral security is necessary.

WHEREFORE, Western prays as follows:

1. That Plaintiff's Complaint be dismissed.

2. That this Court, by virtue of the CAI, order that the Cross-Defendant and Third-Party Defendants are obligated to reimburse Western for any and all losses it has sustained or

will sustain under the Bonds, including attorneys' fees, investigation costs, and other costs incurred, or which may be incurred as a result of the failure of Cross-Defendant and Third-Party Defendants to perform.

    3.    For a temporary restraining order, a preliminary injunction and a permanent injunction, enjoining the Cross-Defendant and Third-Party Defendants, as well as their agents, servants, employees, and all persons acting under, in concert with, or for them to post collateral in the amount equivalent to the penal sum of the Bonds issued by Western, enjoining them and restraining them from selling, transferring, disposing, pledging, encumbering, or liening their assets and property unless and until Cross-Defendant and Third-Party Defendants have posted sufficient collateral as described above;

    4.    For an order of specific performance requiring the Cross-Defendant and Third-Party Defendants to post collateral in the amount of at least the penal sum of the Bonds, or in the amount of Western's reserves at or before the time of judgment, as required by the terms of the CAI and equity;

    5.    For an award of attorneys' fees and costs pursuant to Western's investigation of the claims on the Bonds, as provided by the CAI;

    6.    For an award of attorneys' fees and costs incurred as the result of the suit herein;

    7.    For Court costs and expenses to be expended herein; and

    8.    For such other and further relief as may be deemed just and reasonable by this Court as shown by the evidence to be offered herein.

DATED this 5th day of May, 2008.

THE FAUX LAW GROUP

s/Scott L. Stonehocker
Attorney for Western Insurance Company
E-mail: sstonehocker@fauxlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **WESTERN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT, CROSS-CLAIM AND THIRD-PARTY COMPLAINT**, was this date served upon all counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follows:

COURTESY COPY:

Stuart D. Hirsch, Esq.
2150 N. Centre City Parkway
Escondido, CA 92026
Attorneys for Palomar Grading and Paving, Inc.

Honorable John A. Houston
United States District Court
Southern District of California
Courtroom 11, 2nd Floor
940 Front Street
San Diego, CA 92101-8900

DATED this 5th day of May, 2008.

_____
An employee of THE FAUX LAW GROUP

# EXHIBIT 1

**EXHIBIT 1**

COPY

# PAYMENT BOND
(See instructions on reverse)

Bond #BDC11480

DATE BOND EXECUTED *(Must be same or later than date of contract)*
October 6, 2006

OMB No.:9000-0045

Public reporting burden for this collection of information is estimate to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405

**PRINCIPAL** *(Legal name and business address)*
Cornerstone Building Group
3590 Kettner Blvd.
San Diego, CA 92101

**TYPE OF ORGANIZATION** ("X" one)
☐ INDIVIDUAL    ☐ PARTNERSHIP
☐ JOINT VENTURE    ☒ CORPORATION

**STATE OF INCORPORATION**
California

**SURETY(IES)** *(Name(s) and business address(es))*
Western Insurnace Company
P O Box 21030
Reno, NV 89515

**PENAL SUM OF BOND**
| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
|  | 569 | 902 | 00 |

**CONTRACT DATE**: Sep 30, 2006
**CONTRACT NO.**: N62473-06-G-1035   T020

## OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

## CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

## WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

**PRINCIPAL**: Cornerstone Building Group

| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | 3. | |

**INDIVIDUAL SURETY(IES)**

| SIGNATURE(S) | 1. | 2. (Seal) | (Seal) |
| NAME(S) (Typed) | 1. | 2. | |

**CORPORATE SURETY(IES)**

SURETY A
- NAME & ADDRESS: Western Insurance Company, P O Box 21030, Reno, NV 89515
- STATE OF INC.: Nevada
- LIABILITY LIMIT: $1,302,000.00
- SIGNATURE(S): 1. [signature]
- NAME(S) & TITLE(S) (Typed): 1. Melissa C Mello Attorney-in-Fact
- Corporate Seal

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is usable

STANDARD FORM 25A (REV. 10-98)
Prescribed by GSA-FAR (48 CFR) 53.222B(c)

Bond BDC11480

# PERFORMANCE BOND
(See instructions on reverse)

**DATE BOND EXECUTED** (Must be same or later than date of contract): October 6, 2006

OMB No.: 9000-0045
Expires: 09/30/98

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405.

**PRINCIPAL** (Legal name and business address)
Cornerstone Building Group
3590 Kettner Blvd.
San Diego, CA 92101

**TYPE OF ORGANIZATION** ("X" one)
☐ INDIVIDUAL    ☐ PARTNERSHIP
☐ JOINT VENTURE  ☒ CORPORATION

**STATE OF INCORPORATION**: California

**SURETY(IES)** (Name(s) and business address(es))
Western Insurance Company
P O Box 21030
Reno, NV 89515

**PENAL SUM OF BOND**
| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
|  | 569 | 902 | 00 |

**CONTRACT DATE**: Sep 30, 2006
**CONTRACT NO.**: N62473-06-G-1035 TO20

## OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

## CONDITIONS:

The Principal has entered into the contract identified above.

## THEREFORE:

The above obligation is void if the Principal -

(a)(1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U.S.C. 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

## WITNESS:

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

**PRINCIPAL**: Cornerstone Building Group

| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | 3. | |

## INDIVIDUAL SURETY(IES)

| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S) (Typed) | 1. | 2. |

## CORPORATE SURETY(IES)

**SURETY A**
NAME & ADDRESS: Western Insurance Company, P O Box 21030, Reno NV 89515
STATE OF INC.: Nevada
LIABILITY LIMIT: $1,302,000.00

SIGNATURE(S): 1. [signature]  2.
NAME(S) & TITLE(S) (Typed): 1. Melissa C. Mello Attorney-in-Fact  2.

Corporate Seal

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition not usable

STANDARD FORM 25 (REV. 6-96)
Prescribed by GSA-FAR (48 CFR) 53.228(b)