Joseph N. Casas (SBN 225800)
Tamara M. Craft (SBN 234419)
CASAS LAW GROUP, P.C.
2323 Broadway, Suite 202
San Diego, CA 92102
Phone: (619) 692-3146
Facsimile: (619) 692-3196
Email: joseph@casaslaw.com

Attorneys For Defendant
Cornerstone Building Group

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALOMAR GRADING AND PAVING, INC., a California Corporation, and THE UNITED STATES OF AMERICA For The Use And Benefit of PALOMAR GRADING AND PAVING, INC.;<br><br>Plaintiff,<br><br>v.<br><br>WESTERN INSURANCE COMPANY, and CORNERSTONE BUILDING GROUP.<br><br>Defendants.<br><br>AND RELATED CROSS ACTION | CASE NO. 08-CV-521 JAH (WMc)<br><br>**REPLY TO RESPONSE OF PALOMAR GRADING AND PAVING, INC., TO PETITION TO COMPEL MEDIATION**<br><br>DATE: JUNE 30, 2008<br>TIME: 2:30 P.M.<br>COURTROOM: 11<br>JUDGE: HON. JOHN A. HOUSTON |

CORNERSTONE BUILDING GROUP (hereinafter referred to as "CBG") respectfully submits the following Reply to the Response to Petition to Compel Mediation filed by plaintiff PALOMAR GRADING AND PAVING, INC. (hereinafter referred to as "PALOMAR") on June 12, 2008. PALOMAR fails to distinguish between mediation and Early Neutral Evaluation Conferences as separate and distinct alternative dispute resolution processes, and fails to acknowledge CBG and PALOMAR's (collectively

referred to as the "Parties") contractual obligation to mediate. CBG invites the Court's attention to the dispute resolution terms of the Subcontract upon which this case (and a related case, Bill Lowe Developments v. Western Insurance Company, 08-CV-0603 L(WMc)) were filed. (See Ex. A to Def. CBG's Pet. to Compel Mediation and Stay Proceedings.) The concerns PALOMAR expressed in its Response can be adequately addressed by granting CBG's Petition to Compel Mediation as provided for in the Subcontract.

PALOMAR qualified its objection to mediation by suggesting that the ENE conferences scheduled for June 30 and July 1, 2008 will serve as mediation in both this case and in Bill Lowe Developments. PALOMAR has failed to provide any authority for the contention that an ENE conference will provide an adequate substitute for the rules and processes of a formal mediation. CBG has been equally unsuccessful in discovering any persuasive authority for PALOMAR's contentions. CBG recognizes that CivLR 16.1 requires the use of an ENE conference for judicial economy, and that settlements can and often do result from the participation of a judge in pretrial conferences. But whether or not settlement can be reached in an ENE conference in this case, CBG filed its Motion to Compel Mediation based on the Parties' specific agreement to forego legal action in favor of mediation governed by the Construction Mediation Rules of the American Arbitration Association. (Subcontract, ¶ 15.1(a).) By filing this action, PALOMAR breached those terms of the Subcontract.

PALOMAR's argument that an ENE conference is the same as the type of mediation required under the Subcontract falls by the way-side. With all due respect to the legal acumen of the Magistrate, this case involves a dispute arising from a construction contract. As such, a mediator bound by the Construction Mediation Rules, who has experience in construction litigation, is more properly suited to negotiate a resolution.

PALOMAR argues that the consecutive ENE conferences scheduled in this action and in <u>Bill Lowe Developments</u> provide a greater opportunity for settlement than mediation because all plaintiffs, defendants, and cross-claimants will be present. CBG challenges that argument by directing the Court's attention to the terms of the Subcontract that operate to bring all of the Parties together for mediation. Not only have CBG and PALOMAR agreed to resolve their disputes through mediation, PALOMAR must participate in dispute resolution between CBG and any third party claimant, such as Bill Lowe Developments, whenever CBG determines that PALOMAR might be the liable party. (Subcontract, ¶ 15.2.) The terms of the Subcontract, which the Parties in this action and in <u>Bill Lowe Developments</u> bound themselves, provide sufficient legal grounds to compel all parties to mediation under the Construction Mediation Rules of the American Arbitration Association.

CBG stands on its pleadings and pledges to follow the Court's orders by appearing at the ENE conference and submitting to its judgment about the resolution of this dispute.

Dated: June 20, 2008

Respectfully submitted,
CASAS LAW GROUP, P.C.

By: Joseph N. Casas
Attorney for Defendant
CORNERSTONE BUILDING GROUP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY and declare under penalty of perjury that I am over the age of 18 and am not a party to this action. My business address is 2323 Broadway, Suite 202, San Diego, California, 92102. A copy of the foregoing Reply to Response of Palomar Grading and Paving, Inc., to Petition to Compel Mediation, in Case Number 08-CV-521 JAH (WMc) was served on this date by electronically submitting a copy of the same on the District Court's website, CM/ECF system.

June 20, 2008

Marguerite A. Hutchinson
Law Clerk for Joseph N. Casas