UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALOMAR GRADING AND PAVING, INC., a California Corporation, and THE UNITED STATES OF AMERICA for the use and benefit of PALOMAR GRADING AND PAVING, INC.<br><br>Plaintiff,<br>v.<br>WESTERN INSURANCE COMPANY AND CORNERSTONE BUILDING GROUP,<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIM AND THIRD PARTY COMPLAINT | Civil No.08cv521 JAH (WMc)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL MEDIATION AND STAY PROCEEDINGS [Doc. No. 10]** |

**BACKGROUND**

On March 20, 2008, Plaintiff Palomar Grading and Paving Inc. ("Palomar") filed a complaint against Cornerstone Building Group ("CBG") and Western Insurance Company ("Western") for payment bond, breach of contract, work and labor, conversion and insurance bad faith. See Complaint (Doc. No. 1). Plaintiff alleges CBG entered into a written contract with the United States Navy for the construction or reconstruction of a facility. Complaint ¶ 6. Palomar and CBG entered into a written agreement ("subcontract") for performance of construction work on the United States Navy project dated October 6, 2006. Id. ¶ 9. Plaintiff further alleges CBG executed a payment bond

with Western Insurance Company ("Western") as surety on or about October 6, 2006. Id. ¶ 7. According to the allegations of the complaint, Palomar completed all work required under the contract, but CBG refuses to pay the amount owed for the work. Id. ¶¶ 10, 11. Plaintiff further argues it filed a bond claim with Western, but the claim was denied. Id. ¶ 12.

On May 2, 2008, Defendant CBG filed a motion to compel arbitration and stay the action.[1] Plaintiff initially filed a response on May 22, 2008 contending the motion was moot, because an early neutral evaluation conference was scheduled before the Honorable William McCurine Jr., United States Magistrate Judge. Finding Plaintiff provided no authority for its position, the Court continued the hearing on the motion and directed Plaintiff to file a supplemental brief supporting its contention and addressing the merits of Defendant's motion. Plaintiff filed a response on June 12, 2008, and Defendant filed a reply on June 20, 2008. The motion was set for hearing on June 30, 2008, but was taken under submission pursuant to Local Rule 7.1(d.1).

## DISCUSSION

CBG contends the subcontract provides for mandatory mediation, which it has not waived, and, therefore, moves this Court for an order directing the parties to participate in mediation and staying the proceedings.

The subcontract reads, in relevant part:

> To the extent Subcontractor submits a claim which Contractor determines is one for which Owner may not be liable, or is one which Contractor elects to not allow Subcontractor to further pursue with Owner, or to the extent Contractor has a claim against Subcontractor, the following procedures shall apply and begin within 60 days of notification:
>
> (a) If the dispute cannot be settled through direct discussions, the parties shall attempt to settle the dispute by mediation before recourse to any other method of dispute resolution. Unless the parties agree otherwise, the mediation shall be conducted in accordance with the Construction Mediation Rules of the American Arbitration Association.

Defendant's Exh. A, Subcontract at 17-18.

Defendant maintains the parties tried unsuccessfully to settle the dispute through

---

[1] Defendant filed the motion as a "petition to compel arbitration." See Doc. No. 10.

informal discussions. Thereafter, CBG made a demand for compliance with the mediation provision of the subcontract, but Palomar refused and filed the pending action instead.

In response, Plaintiff contends it does not oppose mediation, but believes the early neutral evaluation conference previously scheduled for June 30, 2008 and the authority to order further mediation vested by Local Rule 16.1(c.2) should be used to facilitate the mediation which is the subject of CBG's motion. Palomar argues ordering the parties to participate in mediation will not result in complete relief, because Western[2] is not a party to the subcontract and is not bound by the mediation clause. In lieu of granting the motion, Palomar suggests the parties ask Judge McCurine to order all parties to attend mediation pursuant to Local Rule 16.1(c.2) at the early neutral evaluation conference if the matter is not resolved at the conference.

In reply, CBG argues Palomar fails to provide any authority for its contention that an early neutral evaluation conference will provide an adequate substitute for the rules and processes of a formal mediation. Defendant further argues a mediator bound by the Construction Mediation Rules who has experience in construction litigation, is more properly suited to negotiate a resolution.

This Court finds the subcontract requires the parties seek mediation "*before* recourse to any other method of dispute resolution" if informal discussions fail. Subcontract at 17-18 (emphasis added). Plaintiff neither disputes the validity of the contract or that the contract mandates mediation. The Court is not persuaded by Plaintiff's argument that the early neutral evaluation conference or the authority to order mediation under the local rules moots or resolves Defendant's request for mediation in light of the clear language of the contract requiring mediation before filing suit. The issue here is not whether the magistrate judge could successfully facilitate a case dispositive mediation via the local rules of the court. Rather, it is one of interpretation of clear contract language. For Plaintiff to argue that this Court should ignore the contract's clear terms suggests that Plaintiff seeks

---

[2] Plaintiff contends the defendants in the related case <u>Bill Lowe Developments v. Western Ins. Co.</u>, 08cv0603 are also not required to participate in a mediation.

to selectively enforce some contract provisions but not others. Based upon the contract language and Plaintiff's non-opposition to participating in mediation, the Court finds the motion should be granted.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant CBG's motion to compel mediation is **GRANTED**. The parties shall participate in mediation as provided in the subcontract.
2. Defendant's motion to stay the action pending the completion of mediation is **GRANTED**.
2. The parties shall contact Judge McCurine's Chambers within 10 days from the date of this order to schedule a status conference to track the progress of the mediation.
3. Judge McCurine may hold periodic status conferences to track the mediation and insure the stay is in effect only for as long as appropriate. As such, Judge McCurine may lift the stay and set the matter for pretrial proceedings upon determining it is appropriate to do so.

DATED: June 27, 2008

JOHN A. HOUSTON
United States District Judge